UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

MELVIN BEARD,                    )
                                 )
         Petitioner,             )
                                 )
v.                               )          No. 3:07-1253
                                 )          Judge Echols
FLORA HOLLAND,                   )
                                 )
         Respondent.             )

**O R D E R**

Before the Court is the petitioner's response (Docket Entry No. 6) to the Court's February 4, 2008 Order to show cause why his petition should not be denied and this action dismissed as time-barred (Docket Entry No. 4). In his response, the petitioner does not dispute the Court's timeliness analysis in its prior Order. Accordingly, for the reasons explained in that Order, the Court finds that the petition before it is untimely.

Although the petition is untimely, the law is well-settled that the one-year limitations period expressed in § 2244(d)(1) does not operate as a jurisdictional bar to *habeas corpus* petitions, and that it may be equitably tolled under exceptional circumstances. *Dunlap v. United States*, 250 F.3d 1001, 1004, 1004 n. 1, 1005 (6th Cir. 2001). However, "[t]he petitioner bears the burden of persuading the court that he is entitled to equitable tolling." *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004); *see Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002).

In *Dunlap*, the Sixth Circuit held that equitable tolling was appropriate only after the court had "properly considered and balanced the factors set out in *Andrews v. Orr* unless there is congressional authority to the contrary." *Dunlap,* 250 F.3d at 1009. The factors to be *considered* in *Andrews v. Orr* are: 1) lack of actual notice of the filing requirement; 2) lack of constructive knowledge of the filing requirement; 3) diligence in pursuing one's rights; 4) absence of prejudice to the respondent; and 5) reasonableness in remaining ignorant of the filing requirement. *Id.* at

1008; *see Andrews v. Orr*, 851 F.2d 146, 151 (6th Cir. 1988). The five factors considered in deciding whether to apply equitable tolling are not comprehensive, nor is each relevant in all cases. *Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir. 2000). As to the fourth factor, "[a]lthough absence of prejudice is a factor to be considered in determining whether the doctrine of equitable tolling should apply once a factor that might justify tolling is identified, it is not an independent basis for invoking the doctrine. . . ." *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 152 (1984). Finally, equitable tolling should be "applied sparingly." *Dunlap*, 250 F.3d at 1008.

The following dates relevant to the Court's equitable tolling inquiry are, unless otherwise indicated, taken from the its February 4 Order (Docket Entry No. 4):

> **January 31, 2002** – the Tennessee Court of Criminal Appeals (Court of Criminal Appeals) affirms the judgment of the trial court on direct appeal.
>
> **July 15, 2002** – the Tennessee Supreme Court denies the petitioner's Rule 11 application for permission to appeal on direct appeal.
>
> **September 21, 2006** – the Court of Criminal Appeals affirms the judgment of the post-conviction court.
>
> **November 21, 2006** – post-conviction counsel writes to the petitioner, advising him that he has filed a Rule 11 application for permission to appeal in the Tennessee Supreme Court in the petitioner's post-conviction case. (Docket Entry No. 6, Ex. 1).
>
> **January 29, 2007** – the Tennessee Supreme Court denies the petitioner's Rule 11 Application on post-conviction.
>
> **November 15, 2007** – the AEDPA's one-year limitations period runs.
>
> **December 3, 2007** – post-conviction counsel visits the petitioner in prison, telling him that he has "not been notified" about the status of the Rule 11 application, that he "was in the middle of moving my office around that time," and that the petitioner should file his *habeas corpus* petition. (Docket Entry No. 6, pp. 1-2).

2

>**December 3, 2007** – post-conviction counsel writes a letter to the petitioner after visiting him in prison, advising the petitioner that his Rule 11 application was denied on November 29, 2007. (Docket Entry No. 6, Ex. 2).
>
>**December 11, 2007** – the petitioner mails his *habeas corpus* petition to the district court.
>
>**December 14, 2007** – post-conviction counsel writes to the petitioner, advising him that his Rule 11 application actually was denied on January 29, 2007. (Docket Entry No. 6, Ex. 3)

With respect to the first factor under *Andrews v. Orr*, the petitioner does not assert that he was unaware of the AEDPA's one-year limitations requirement, nor can such an inference be liberally construed from the record before the Court. On the other hand, given that the petitioner has filed petitions for federal *habeas corpus* relief in this Court on two previous occasions, he is deemed to be aware of the AEDPA, its one-year limitations period, and the possible consequences of filing his petition late. *Beard v. Turner*, No. 3:07-01287 (M.D. Tenn. (pending)(Trauger, J.); *Beard v. Turner*, No. 3:03-00982 (M.D. Tenn. Oct. 22, 2003)(Haynes, J.).[1] Because the Court deems the petitioner to have had actual knowledge of the AEDPA's one-year limitations period, the question of constructive notice is not relevant here.

The next factor under *Andrews v. Orr*, is whether the petitioner was diligent in pursuing his rights. To answer that question, the Court's attention is drawn first to the petitioner's personal experience with the Tennessee appellate process in the case *sub judice*. As shown previously, *supra* at p. 2, the petitioner completed one full round of the Tennessee appellate process on direct appeal. During those proceedings, the Court of Criminal Appeals affirmed the judgment of the trial court

---

[1] It is "the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer ." Rule 4, Rules – Section 2254 Cases, 1976 Advisory Committee Note (citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970)). Because the petitioner did not provide the information necessary to conduct a proper initial review of his petition, it was permissible for the court to refer to matters outside of the record.

3

on January 31, 2002, and the Tennessee Supreme Court denied his Rule 11 application on July 15, 2002. The time between the two rulings was approximately five and one-half (5½) months.

Not shown in the record is the fact that the petitioner had twice previously completed one full round of the Tennessee appellate process. *Beard v. State*, No. M2002-02140-CCA-R3-PC, 2003 WL 21047134 (Tenn. Crim. App. May 9, 2003), *per. app. denied*, Oct. 13, 2003; *Beard v. State*, No. M000-02207-CCA-R3-CD, 2002 WL 125696 (Tenn. Crim. App. Jan 31, 2002), *per. app. denied*, July 15, 2002. In the first case, the Tennessee Supreme Court ruled on the petitioner's Rule 11 application slightly more than five (5) months after the Court of Criminal Appeals' opinion entered. In the second case, approximately five and one-half (5½) months separated the two rulings.

Based on the three cases that the petitioner pursued through the Tennessee appellate process, the Court finds that the petitioner was on notice – through personal experience – that the Tennessee Supreme Court should have ruled on his Rule 11 application between 5 and 5½ months after the Court of Criminal Appeals' opinion entered on September 21, 2006. Using the longer of the two periods as a gauge, a reasonable person with the petitioner's experience would have expected the Tennessee Supreme Court to rule on his Rule 11 application sometime in early March, 2007.

In his response, the petitioner asserts that he filed his petition late because post-conviction counsel did not advise him of the Tennessee Supreme Court's ruling on his Rule 11 application until December 3, 2007. (Docket Entry No. 6, pp. 2-3; Ex. 1-2) December 3, 2007 is nearly fifteen (15) months after the Court of Criminal Appeals' opinion entered, and approximately nine (9) months beyond the time that the petitioner should have expected the Tennessee Supreme Court to rule based on his personal experience. The petitioner does not assert, nor can it be liberally construed from the record before the Court, that he inquired into the status of his Rule 11 application in all this time. Notwithstanding that post-conviction counsel had a duty to represent the petitioner's interests on post-conviction, given the petitioner's first-hand experience with the Tennessee appellate process,

4

he had a duty to inquire. Because the petitioner failed to inquire, the Court finds that the petitioner was not diligent in pursuing his rights.

The final factor in *Andrews v. Orr* is whether it was reasonable for the petitioner to have remained ignorant of the filing requirement. For reasons already explained, the petitioner should have expected a ruling by the Tennessee Supreme Court in early March, 2007. Had the petitioner inquired in early March, 2007, the fact that his Rule 11 application had been denied would have come to light at that time, thereby permitting him to file his petition well within the AEDPA's one-year limitations period. Even if the petitioner had waited up to a year to inquire – more than twice as long as his personal experience would have warranted – the Tennessee Supreme Court's ruling would have come to light in late September, 2007 – just shy of two (2) months before the AEDPA's one-year limitations would have run. Had the petitioner waited until this late date, he still had ample time to file his petition within the AEDPA's one-year limitations period. Given these circumstances, it was not reasonable that the petitioner remained ignorant of the filing requirement.

For the reasons explained above, the petitioner has failed to persuade the Court that equitable tolling should be applied in his case. Accordingly, the Court finds that it should not.[2] For the reasons explained herein, the petition (Docket Entry No. 1) is **DENIED**, and this action is **DISMISSED** with prejudice as time barred.

---

[2] The petitioner's untimely petition also is subject to cause-and-prejudice analysis in the context of procedural default. However, the petitioner's sole argument is that he filed his *habeas corpus* petition late because his attorney failed to follow up on the status of his Rule 11 application. In other words, the petitioner's argument is that post-conviction counsel was the "cause" of his procedural default. In *Murray v. Carrier*, 477 U.S. 478 (1986), the United States Supreme Court held that a federal *habeas corpus* petitioner cannot show "cause" to excuse procedural default by establishing attorney error short of ineffective assistance of counsel as provided under *Strickland v. Washington*, 466 U.S. 668 (1984). *Murray*, 477 U.S. at 488; *see Lucas v. O'Dea*, 179 F.3d 412, 419 (6th Cir. 1999). Because the petitioner is not entitled to effective assistance of counsel on post-conviction, *see Pennsylvania v. Finley*, 481 U.S. 551 (1987), he cannot establish "cause" based on post-conviction counsel's failure to follow up on the Rule 11 application. Unable to establish cause, the petitioner cannot satisfy both parts of the two-part cause-and-prejudice analysis required to excuse procedural default. *See Ritchie v. Eberhart*, 11 F.3d 587, 590 (6th Cir. 1993); *see also Hannah v. Conley*, 49 F.3d 1193, 1197 (6th Cir. 1995). Thus, the result is the same.

5

Where, as here, a district court denies a *habeas corpus* petition on procedural grounds without reaching the merits of the petitioner's underlying constitutional claims, a certificate of appealability (COA) will issue only under the following conditions: 1) "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right"; <u>and</u> 2) "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court finds that jurists of reason would **NOT** debate whether the Court was correct in its procedural ruling. Therefore, should the petitioner file a notice of appeal, such notice shall be docketed as both a notice of appeal and an application for a COA, *Slack*, 529 U.S. at 483; Rule 22(b), Fed. R. App. P., which will **NOT** issue, *see* 28 U.S.C. § 2253(c)(2); *see Castro v. United States of America*, 310 F.3d 900, 901 (6th Cir. 2002); *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001); *Porterfield v. Bell*, 258 F.3d 484, 485-487 (6th Cir. 2001); *Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1073 (6th Cir. 1997)(*overruled in part on other grounds by Lindh v. Murphy*, 521 U.S. 320, 326-27 (1977)).

Entry of this Order shall constitute the final judgment in this action.

It is so **ORDERED.**

_(signature)_

Robert L. Echols
United States District Judge